UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS MICHAEL UNDERWOOD, #413128,    )
            Petitioner,                     )
                               )       No. 1:08-cv-00642
-v-                                  )
                               )       HONORABLE PAUL L. MALONEY
MARY BERGHUIS,                       )
            Respondent.                     )
_____)

**OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**
**AND DENYING SECOND MOTION TO APPOINT COUNSEL**

On July 8, 2008, state prisoner Travis Michael Underwood filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254.  On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 46) that Underwood's petition be dismissed.  Before the court today is Underwood's timely objection to the Report and Recommendation.  (ECF No. 47.)

I.    **STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R").  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to object to an

issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II.   DISCUSSION

Petitioner Underwood objects to the magistrate judge's R&R on a number of issues and at a number of levels. At the broadest, Underwood objects to the R&R as a whole "for the reasons set forth in the Memorandum of Law in Support of Petition for Writ of Habeas Corpus, which was previously filed in this case." This blanket objection is too general to trigger *de novo* review by this court. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). Underwood makes no specific objection to the magistrate judge's proposed findings of fact, and so this court will accept those findings. Underwood does, however, object to a number of the magistrate's legal conclusions and his application of these facts to law. Each of these will be addressed below.

### A.   *Sufficiency of Evidence*

First, Underwood objects to the magistrate judge's resolution of his claim that the evidence was insufficient to convict him for premeditated murder. Specifically, Underwood argues that the magistrate judge incorrectly concluded that the state court of appeals reasonably applied the *Jackson v. Virginia* standard and found sufficient evidence to find Underwood guilty beyond a reasonable doubt. Underwood argues that the evidence in this case is "questionable." He points to the lack of physical evidence implicating him in the crime, as well as the unidentified DNA gathered from under the victim's fingernails. He also points to contradictions in Kyle Chapman's testimony, arguing that he was "not at all credible."

The R&R, however, acknowledged that "[t]he record contains a dearth of physical evidence directly linking petitioner to the crime" and noted Underwood's contentions regarding witnesses' inconsistent statements.  Nevertheless, the magistrate judge rejected Underwood's claim, properly stating that "[t]he lack of physical evidence, standing alone, does not create grounds to invalidate a state conviction, which may be based on circumstantial evidence alone," and that "[t]he credibility of the witnesses was a matter for the jury to decide and is not an appropriate subject for habeas review."  Based on the evidence presented at trial, viewed in the light most favorable to the prosecution, the magistrate judge found that a reasonable jury could have found the essential elements of the crime beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The magistrate judge also reviewed the state court of appeals's decision and determined that it was a reasonable application of the *Jackson v. Virginia* standard.

Underwood's objections do not pass muster.  As noted above, the magistrate judge acknowledged the lack of physical evidence and the alleged inconsistencies in Kyle Chapman's testimony, but found that these facts did not make the court of appeals's decision unreasonable.  This conclusion was clearly correct, for the reasons stated in the magistrate judge's R&R.  Underwood's objections are therefore OVERRULED.

Underwood also presents here another general objection to the magistrate judge's R&R, "as Petitioner stands firm to everything stated above and in Petitioner's Memorandum of Law . . . which shows that Petitioner's guilty verdict was not proven beyond a reasonable doubt."  Like Underwood's overall blanket objection, discussed above, this objection is too general.  An objection that fails to explain and cite the problematic portions of the R&R, and that only incorporates by reference arguments raised in previous briefs, is not sufficiently specific to merit consideration.  *See*

3

*Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir. 1997);  *Howard*, 932 F.2d at 508–09.[1]

      B.    *Convictions Against the Great Weight of the Evidence*

The magistrate also rejected Underwood's second habeas claim, concluding that his "against the great weight of the evidence" claim was a matter of state law, not cognizable on § 2254 review. Underwood objects to the magistrate's conclusion, but he presents no argument here, only "stand[ing] firm to argument presented in his Memorandum of Law." This objection is too vague and general to merit review, as discussed above. But this objection also fails on the merits; this claim is based solely on state law, as the magistrate judge correctly found. Underwood's objection is therefore OVERRULED.

      C.    *Due Process Errors*

Underwood makes a number of objections under this heading.

      <u>1.</u>    <u>Confrontation Clause</u>

Petitioner has argued that the trial court violated his Confrontation Clause rights by admitting the out-of-court statements of Anthony and Aaron Chapman. The magistrate judge rejected the court of appeals's analysis as "clearly improper," but nonetheless rejected this claim on the ground that these statements were not testimonial in nature and so did not implicate the Confrontation Clause. Underwood objects to this conclusion, arguing that he never had the opportunity to cross-examine the Chapmans and they were not proven to be unavailable. These circumstances are irrelevant in light of the magistrate judge's conclusion that the Confrontation Clause was not applicable, however, and to this extent, Underwood's objection is OVERRULED.

---

[1]    Underwood continues to make these objections throughout his brief. They all fail for the reasons discussed here. To avoid cluttering this opinion, the court will only discuss such objections where clarity demands.

Underwood also objects more specifically to the Chapmans' statements to fellow inmates. Essentially he argues that these statements were testimonial in nature, as prisoners "would know that these statements might be used in court." Underwood cites no law supporting this point, however, and precedent actually holds that statements from one prisoner to another are non-testimonial. *See Davis v. Washington*, 547 U.S. 813, 825 (2006) (citing *Dutton v. Evans*, 400 U.S. 74, 87–89 (1970) (plurality opinion), involving "statements from one prisoner to another," as example of case where "the statements at issue were clearly nontestimonial"); *United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009) (holding that statement made to confidential informant, known to declarant only as inmate, was non-testimonial); *see also United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010) (similar; collecting cases); *United States v. Pelletier*, ___ F.3d ___, No. 08-1167, 2011 WL 5987718, *7 (1st Cir. Dec. 1, 2011) (holding that "statements made by one inmate to another . . . are not testimonial"); *United States v. Smith*, 383 Fed. App'x 355, 357 (4th Cir. 2010) (unpublished) (similar); *United States v. Johnson*, 495 F.3d 951, 976 (8th Cir. 2007) (similar); *United States v. Johnson*, 192 Fed. App'x 935, 937–38 (11th Cir. 2006) (unpublished) (similar).

Underwood's objections are therefore OVERRULED.

2.    Remaining Claims

Underwood also argues that the magistrate judge erred by rejecting the seven other claims falling under this heading. He objects to these rulings, "stand[ing] firm to his arguments previously presented." These objections fail to "explain[] and cite[] specific portions of the report which [Underwood] deem[s] problematic," as required to preserve his objections. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309 (6th Cir. 1997) (unpublished opinion)). Instead, he simply objects to the magistrate judge's treatment of the

5

issue as a whole, citing only his previous brief as argument.  As discussed above, these objections are too general to merit consideration by this court.  *See Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir. 1997); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991).

      D.     *Ineffective Assistance of Counsel*

      Underwood makes two claims for ineffective assistance of counsel, based on (1) his counsel's decision not to press witness Mangus on the stand or to call her as a witness, as well as the decision not to call Totten as a witness at all; and (2) counsel's failure to raise various objections.  The magistrate judge rejected both grounds, as these were strategic decisions; therefore, the state courts did not apply the *Strickland v. Washington* standard unreasonably.

      Underwood objects on several grounds.  First, he claims that he cannot understand how the decision not to call a witness can be a strategic decision.  Even if read as an objection to the magistrate's conclusion, this objection is OVERRULED.  Counsel can decide not to call a witness for many reasons, including the chance that the witness would back off of earlier testimony or say something harmful to the defendant.  Underwood's objection seems based on an assumption that these witnesses' testimony could do nothing but help him, but this is certainly not the case.

      Underwood also objects to the magistrate judge's statement that he provided no evidence of how these witnesses would have testified.  He claims that his original briefing demonstrated what Mangus and Totten would say.  But even assuming that both Mangus and Totten would repeat, on the stand, the statements that Kyle Chapman had already denied having made,[2] the magistrate judge correctly found that these statements would not have a "reasonable probability" of changing the

---

      [2]    Kyle Chapman allegedly told Mangus that during the trial of Aaron and Anthony Chapman, he had lied on the stand about their involvement in the murder, and he allegedly told Totten that he would kill her "like I did the old lady."

result of the trial. Chapman was asked about these statements during Underwood's trial and denied both of them. It is unclear that Mangus and Totten's testimony would have any significant effect over and above Chapman's denials, particularly in light of the other contradictions in Chapman's testimony discussed above. Underwood does not present evidence showing a "reasonable probability" that the result would differ if this supposed testimony were elicited, let alone enough evidence to meet the high burden of proving that the state courts applied the *Strickland v. Washington* standard "in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002). This objection is therefore OVERRULED.

Underwood also claims ineffective assistance based on his counsel's failure to raise certain objections. The magistrate judge rejected this claim, as the objections that Underwood appeared to be referring to would have been futile, and so he failed to show that he was prejudiced by the alleged errors. Underwood objects to the magistrate's statement that "the result would likely have been the same even if [the objections] were voiced." Underwood argues that "*[l]ikely is way different th[a]n would have been the same*." (emphasis added) This appears to be an objection to the standard applied by the magistrate judge. This objection lacks merit, however. As the magistrate stated, *Strickland v. Washington* requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 694 (1984). The court need not find, as Underwood suggests, that the result necessarily "would have been the same" to reject his ineffective-assistance claim. This objection is therefore OVERRULED.

E.     *Newly Discovered Evidence*

Underwood's fifth claim asserted that the trial court abused its discretion by denying his motion for a new trial based on supposed newly discovered evidence—specifically, a witness's claim

7

in a different case that Kyle Chapman said that he lied about Underwood's involvement in a murder. The magistrate judge rejected this claim, concluding that the trial court's denial of a new trial was not so egregious as to violate Underwood's right to a fundamentally fair trial.

Underwood objects to this conclusion, "as there was no evidence at Petitioner's trial that proved beyond a reasonable doubt, nor was there any evidence that even put him in [the victim's] car." Underwood refers here to *direct* evidence putting him in the victim's car, because he admits that several other people connected Underwood with the car (albeit with varying levels of certainty). But as discussed above, a conviction can be based on circumstantial evidence, so merely pointing out a lack of direct evidence does not meet Underwood's burden here. The magistrate judge properly found that there existed ample evidence, even leaving aside Kyle Chapman's testimony, for a reasonable juror to connect Underwood to the car. Further, the magistrate judge noted that Kyle Chapman's testimony had already been impeached by other sources during the trial, making the new evidence merely cumulative and further reducing the chance that this allegedly newly discovered evidence would have had a significant effect on the proceedings. Finally, to the extent this objection reiterates Underwood's argument regarding the sufficiency of evidence as a whole, the court notes its rejection of this claim in Part II.A., above.

For these reasons, this objection is OVERRULED.

F.    *Prosecutorial Misconduct*

Finally, Underwood argues that the magistrate judge erred in concluding that his claim of prosecutorial misconduct is meritless. Underwood had argued that the prosecutor made various unfairly prejudicial comments in his opening statement and that he argued facts not in evidence during his closing statement. The magistrate judge rejected this claim, concluding that the opening

statement's "mildly impassioned rhetoric" was not flagrant and did not make the trial so unfair as to deny Underwood due process.  The magistrate judge noted that the state court found that the relevant parts of the closing statement were in fact supported by evidence in the record.  Not only is this finding entitled to a presumption of correctness, but the magistrate judge's independent review of the evidence agreed with the state court.

Underwood objects to the magistrate judge's conclusion, arguing that "the statements were so flagrant as to render the entire trial fundamentally unfair."  He provides no specific support for this argument, however, and refers to no particular statement by the prosecutor.  Instead, Underwood conclusorily argues that the witnesses' testimony was contradictory, irrelevant, not credible, or corroborated only by repetition.  To the extent this argument goes to the sufficiency of the evidence, it is rejected as per the court's discussion above.  To the extent this argument applies to the "so flagrant as to render the entire trial fundamentally unfair" standard, it fails not only for lack of specificity, but on the merits.  Reference to testimony on the record is not improper, let alone so improper as to render the entire trial fundamentally unfair.  Underwood provides no reason to reject the magistrate judge's R&R on this claim, and so his objection is OVERRULED.

## III.   CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

9

issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).  Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability.  *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Having reviewed Petitioner's claims, the court declines to issue a certificate of appealability. Reasonable jurists would agree that Mr. Underwood's petition fails for the reasons stated in the magistrate judge's Report and Recommendation.

**IV.    MOTION TO APPOINT COUNSEL**

After filing his objections to the magistrate judge's R&R, Petitioner Underwood filed a Second Motion to Appoint Counsel.  (ECF No. 51.)  Due to the court's ruling today, this motion is now moot, and it shall be denied on that basis.

10

## <u>ORDER</u>

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1.      The report and recommendation (ECF No. 46) is **ADOPTED**, over objections, as the opinion

of this court;

2.      Travis Michael Underwood's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED**;

3.      A certificate of appealability is **DENIED**; and

4.      Petitioner Underwood's Second Motion to Appoint Counsel (ECF No. 51) is **DENIED** as

moot.

**IT IS SO ORDERED.**


Date:   January 3, 2012                                          /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 Chief, United States District Judge